# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

QUINTON ANDREWS,

    Petitioner,

v.

EMANUEL COUNTY,

    Respondent.

CIVIL ACTION NO.: 6:16-cv-56

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Quinton Andrews ("Andrews"), who is currently detained at the Emanuel County Jail in Swainsboro, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Andrews also filed two Motions to Proceed *in Forma Pauperis*. (Docs. 2, 3.) For the reasons which follow, the Court **DENIES** Andrews' Motions to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** the Court **DISMISS** Andrews' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Andrews *in forma pauperis* status on appeal.

## **BACKGROUND**

Andrews seeks to challenge his pretrial detention. (Doc. 1, p. 2.) According to Andrews, the Emanuel County Superior Court has violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights and certain provisions of Georgia law because the motions he has filed have not been answered. Andrews is questioning why he has not had a hearing on his motions, a preliminary hearing, a bond reduction hearing, and why he is being falsely imprisoned. Andrews contends his access to the courts is being hampered. (Id. at p. 3.) Andrews asserts Connie

Peebles, his former public defender, opened his legal mail that was addressed to the Clerk of Court and held this mail for several days before sending it back to him. (Id. at p. 7.) Andrews alleges Clerk of Court Kristen Hall has not responded to his inquiries or accepted him as a *pro se* litigant, and she has discussed Andrews' case with Ms. Peebles. (Id.) Andrews seeks his release from his false imprisonment and for the Court to prosecute those who have attempted to cover up or commit crimes during his imprisonment. (Id. at p. 8.)

## DISCUSSION

### I. Whether Andrews can Proceed Pursuant to Section 2241

Andrews is seeking his release from confinement. "A state prisoner seeking . . . relief [in the form of release from custody] from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to Section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section 2241(c)(3) applies. Thomas, 371 F.3d at 786. This Section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.'" Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner

2

cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.

When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). However, Andrews must exhaust his available state remedies before a federal court can address these claims. 28 U.S.C. § 2254(c).

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review process in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

appellate review process." Id. at 845. This exhaustion requirement also extends to a state's collateral review process. Gary v. Ga. Diagnostic Prison, 686 F.3d 1261, 1274 (11th Cir. 2012); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a Section 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768, 771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) & (c). First, a court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). The State may also explicitly waive the exhaustion requirement. Hills, 441 F.3d at 1376. Finally, a court should not require exhaustion if it has been shown that "there is an absence of available State corrective process," or that "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The exhaustion requirement should not be applied "if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991).

Andrews has not shown an absence of available State corrective process or that the State has waived the exhaustion requirement. To the extent Andrews' pleading can be construed as a Section 2241 Petition, the Court should **DISMISS** any such petition based on his failure to exhaust his available state court remedies. In fact, it does not appear that Andrews has even been convicted in the Emanuel County Superior Court or that he is "in custody" for habeas corpus

purposes. In any event, it is clear that Andrews has not exhausted his available state court remedies.

In addition, should Andrews believe the Emanuel County Superior Court has delayed unreasonably in ruling on his motions, Andrews also has available to him the ability to seek a writ of mandamus from the Georgia Supreme Court to compel the trial court judge to rule on his motions. O.C.G.A. § 9-6-20; Jackson v. Walker, 206 F. App'x 969 (11th Cir. 2006).

Andrews failed to exhaust his available state remedies prior to filing this Petition, and the Court should **DISMISS** his Petition, without prejudice.

## II.     Whether Andrews can Bring his Claims Pursuant to 42 U.S.C. § 1983

To state a claim for relief under Section 1983, Andrews must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Andrews must allege that the act or omission was committed by "a person acting under color of state law." Id.

In Heck v. Humphrey, 512 U.S. 477 (1994), a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding was terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages.[1] See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his

---

[1] Andrews is not seeking monetary compensation, only his release from his alleged false imprisonment. (Doc. 1, p. 8.)

6

physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

"Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement." Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09–cv–324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by Heck's favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court)); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because the plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a Section 1983 action for damages); St. Germain v. Isenhower, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by Heck ); see also Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

Even if Plaintiff is not challenging a conviction, he is at least challenging his post-arrest confinement. However, Heck is not only limited to claims challenging the validity of criminal convictions. It also applies to detentions absent convictions. See Cohen v. Clemens, 321 F. App'x 739, 741 (10th Cir. 2009) (In the immigration context, "Heck bar[red the plaintiff's] claims for damages because success on those claims would necessarily imply the invalidity of [his] detention."); Edwards v. Balisok, 520 U .S. 641 (1997) (applying Heck to a Section 1983 claim challenging procedures used to deprive a prison inmate of good time credits); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying Heck to a Section 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); Hamilton v. Lyons, 74 F.3d 99, 102–03 (5th Cir. 1996) (applying Heck to a Section 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges).

Additional grounds also support dismissal, to the extent Andrews wants the Court to review any underlying criminal conviction. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Andrews' claims, which essentially seek review of a state-court criminal charge against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Because Andrews, through this potential

Section 1983 action, essentially asks this Court to invalidate his indictment by the Emanuel County Superior Court, this Court lacks jurisdiction over his claims.

Additionally, because Andrews is asking this Court to intervene in the state case's ongoing proceedings, the Younger abstention doctrine bars 'Andrews' claims. Under the Younger abstention doctrine, a federal court must abstain from exercising jurisdiction over a case where there is an ongoing state action. See Younger v. Harris, 401 U.S. 37 (1971). While Younger involved a federal suit for injunctive relief of the ongoing state proceedings, the Eleventh Circuit has also indicated that the Younger abstention extends to cases involving Section 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405–06 (11th Cir. 1985) (requiring Younger abstention where plaintiff raised Fourth Amendment Section 1983 damages claims related to ongoing state criminal proceedings); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (intervention in ongoing state court proceedings is not appropriate as a Section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings).

Here, any ruling by this Court as to Andrews' claims could substantially interfere with the results reached in the state court proceeding. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Moreover, Andrews cannot demonstrate the lack of adequate remedy at law because he is free to allege the same violations by Defendants in his state criminal proceedings. See Boyd v. Georgia, No. CV 112-042, 2012 WL 2862157, at *2 (S.D. Ga. May 14, 2012) *report and recommendation adopted* No. CV 112-042, 2012 WL 2862123 (S.D. Ga. July 11, 2012), *aff'd*, 512 F. App'x 915 (11th Cir. 2013) (concluding that plaintiff had an adequate remedy at

law with respect to constitutional claims that he could bring in his pending state criminal case). In addition, Andrews' allegations provide no indication of irreparable injury, and the hardships associated with having to defend against a criminal prosecution do not establish it as a matter of law. Younger, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.").

In this case, Andrews has not shown that his conviction or sentence has been favorably terminated. To the contrary, Andrews' chief complaint is that he is still being falsely imprisoned. Accordingly, Andrews' putative Section 1983 claims are unquestionably precluded by the Heck decision as well as the Rooker-Feldman doctrine and the Younger abstention doctrine. For these reasons, the Court should **DISMISS** his Complaint.

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Andrews leave to appeal *in forma pauperis*. Though Andrews has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]") (italics supplied). An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445

(1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the Andrews' Petition, the Court should **DENY** Andrews *in forma pauperis* status on appeal, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

## CONCLUSION

For the above-stated reasons, it is my **RECOMMENDATION** that the Court **DISMISS** Andrews' Petition **without prejudice** and **DIRECT** the Clerk of Court to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Andrews leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Andrews.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 19th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA